IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JARELL DAVIS TERRY,                                                                    PLAINTIFF
ADC # 149998

v.                                          4:25CV01203-JM-JTK

KARMA THORNS, et al.                                                                 DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    INTRODUCTION**

Jarell Davis Terry ("Plaintiff") is in custody at the Larry B. Norris Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 2). Although Plaintiff submitted a declaration (Doc. No. 1). that makes the showing required by 28 U.S.C. § 1915(a), Plaintiff's Motion for Leave to Proceed in forma pauperis ("IFP Motion") should be denied because Plaintiff is a "three striker" under the Prison Litigation Reform Act ("PLRA") and, as set out below, has not established imminent danger.

**II.    SCREENING**

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[1] Additionally, the PLRA, 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2] The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

In this case, Plaintiff sued 19 ADC officials alleging various violations of Plaintiff's constitutional rights, including due process violations, excessive force, conditions of confinement, and deliberate indifference to serious medical needs, among others. (Doc. No. 2). Plaintiff's claims largely arise from alleged deliberate indifference to serious health problems Plaintiff has after he swallowed a "flex pen" that is now "stuck inside [him] traveling through [his] lower/mid torso down [his] legs and feet." (Id. at 8). This is the fourth lawsuit Plaintiff has filed complaining about inadequate medical care after swallowing a flex pen.[3]

---

[2] Terry v. Rechcigl, 2:20-CV-00079-DPM (E.D. Ark.) (dismissed June 30, 2020, for failure to state a claim) (affirmed on appeal); Terry v. Watson, 2:22-CV-00111-BSM (E.D. Ark. Aug. 25) (dismissed Aug. 25, 2022, for failure to state a claim) (no appeal filed); Terry v. Payne, 2:23-CV-00059- BSM (E.D. Ark.) (dismissed Apr. 28, 2023, for failure to state a claim) (no appeal filed).

[3] Terry v. Sims, 4:24-CV-00999-BSM (E.D. Ark.); Terry v. Stapleton, et al., 4:25-CV-00071-KGB (E.D. Ark); and Terry v. Seamster, et al., 4:25-CV-00446-KGB (E.D. Ark.)

In <u>Terry v. Seamster, et al.</u>, United States Magistrate Judge Benecia B. Moore set out the history and content of Plaintiff's flex pen cases. No. 4:25-CV-00446-KGB-BBM, 2025 WL 3224437, at *1 (E.D. Ark. Aug. 22, 2025), <u>report and recommendation adopted,</u> No. 4:25-CV-00446 KGB-BBM, 2025 WL 3219481 (E.D. Ark. Nov. 18, 2025). Judge Moore noted that Plaintiff voluntarily dismissed one of the cases following a recommendation that the action be dismissed for failure to state a claim because Plaintiff "had received multiple medical examinations regarding the allegedly swallowed flex pen, including x-rays of his cervical spine that were within normal limits." (<u>Id</u>. at 1). In the case before Judge Moore, she found Plaintiff's claims "irrational and fanstastical." (<u>Id</u>. at 4).

Plaintiff continues his irrational and fantastical claims in this case.[4] He says the flex pen "is now at [his] lower stomach . . . still causing daily pain . . . at [his] knees, ankles . . . neck and spine . . . no treatment given." (Doc. No. 2 at 9). He also says excessive force in May, 2025, damaged his spine. (<u>Id</u>. at 8). According to Plaintiff, a slew of ADC officials conspired against him to prevent him from receiving proper medical care. (<u>Id</u>. at 9, 11). Plaintiff says to deal with the pain he is using illegal drugs. (<u>Id</u>. at 9).

Plaintiff's allegations about the flex pen and lack of medical care are baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992) (explaining that baseless facts include those that are fanciful, fantastic, and delusional). Many of Plaintiff's remaining allegations involve incidents that took place months in the past. Plaintiff's conditions of confinement may have been uncomfortable, but nothing in Plaintiff's pleadings suggests those conditions placed Plaintiff at risk of serious physical injury. None of Plaintiff other claims suggest so, either.

---

[4] I note Plaintiff's allegation that I was involved in a conspiracy to provide dangerous inmates in Max 5 cellphones and I count those allegations as baseless, as well. <u>Denton</u>, 504 U.S. at 32-33.

4

Even liberally construing Plaintiff's Complaint, the Court finds Plaintiff's allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. As such, Plaintiff's Complaint should be dismissed without prejudice pending payment of the $402.00 filing and administrative fee.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's IFP Motion (Doc. No. 1) be DENIED.

2. Plaintiff's Complaint be DISMISSED without prejudice.

3. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $402.00 to the Clerk, noting the above case style and number, within fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 12th day of December, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE